IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GLORIA J. HICKS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:07-CV-0819-M |
| | § | ECF |
| JAMES PEAKE, | § | |
| Secretary, U.S. Department of | § | |
| Veteran Affairs, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the District Court's Order, entered March 24, 2008, this case has been referred to the United States Magistrate Judge for pretrial management. Before the Court is Defendant's Motion to Dismiss Complaint with Memorandum Brief. (Doc. 25.) Plaintiff did not respond to the motion and the time to do so has expired.

**I.**

Plaintiff Gloria Hicks ("Plaintiff") brought this action against Defendant James Peake, Secretary, U.S. Department of Veteran Affairs ("Defendant"). Plaintiff was employed with the Dallas Veteran Affairs Medical Center until November 3, 2005, when she retired. (Def.'s Mot. Dismiss at 2; Pl.'s Compl. at 1.) On November 14, 2005, Plaintiff contacted the Equal Employment Opportunity Commission ("EEOC"), alleging that she was discriminated against because of her age and physical disabilities. (Def.'s Mot. Dismiss at App. 1.) She also argues that she was constructively discharged when she was forced to retire. (*Id.*) Plaintiff filed a formal mixed case complaint on February 13, 2006. (Pl.'s Resp. Magistrate Judge's Supp. Questionnaire at 4.) The

1

complaint was accepted in its entirety and an investigation was conducted. (*Id.*) On January 22, 2007, the Final Agency Decision ("FAD") denied Plaintiff's complaint. (*Id.* at 17.) The FAD informed Plaintiff that she could either appeal the decision to the Merit Systems Protection Board ("MSPB"), or she could file a civil action in a United States District Court. (*Id.*) If Plaintiff chose to appeal to the MSPB or file a civil suit, the FAD informed her that she must do so within thirty days of receipt of the FAD. (*Id.* at 16–17.)

On March 22, 2007, Plaintiff filed an appeal with the MSPB. The MSPB rejected the filing because it was deficient. (Pl.'s Resp. Magistrate Judge's Second Supp. Questionnaire at 7.) Plaintiff corrected the defects and filed a mixed case appeal with the MSPB on April 11, 2007. (*Id.* at 8.) On May 7, 2007, Plaintiff withdrew her appeal, claiming that she filed it in the wrong court. (*Id.* at 10.) She then filed her complaint in this Court on May 9, 2007.

Defendant seeks to have Plaintiff's complaint dismissed for two reasons. First, Defendant argues that because the complaint was untimely filed, the Court lacks jurisdiction under FED. R. CIV. P. 12(b)(1). (Def.'s Mot. Dismiss Compl. at 1.) The Defendant next argues that the complaint should be dismissed under FED. R. CIV. P. 12(b)(6) because Plaintiff failed to exhaust her administrative remedies. (*Id.*) When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should first consider the Rule 12(b)(1) motion in order to prevent the court from dismissing the case with prejudice without jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Accordingly, the Court first determines if it has jurisdiction.

## II.

Defendant argues that the Court does not have jurisdiction over the claim because Plaintiff's complaint was filed after the thirty day limitation period set forth in 5 U.S.C. § 7703(b)(2) (2006)

2

had expired. In support of this argument the Defendant relies on the Fifth Circuit's decision in *Munoz v. Aldridge*, 894 F.2d 1489, 1494 (5th Cir. 1990). In *Munoz*, the Fifth Circuit held that civil actions brought pursuant to 42 U.S.C. § 2000e-16 are actions against the United States, brought under a statutory waiver of sovereign immunity. *Munoz v. Aldridge*, 894 F.2d 1489, 1494 (5th Cir. 1990). As a result, the "timely filing of a complaint in district court is jurisdictional," and therefore, not subject to equitable claims. *Id.* The United States Supreme Court, in *Irwin v. Department of Veterans Affairs*, 498 U.S. 89 (1990), however, overruled a similar decision, finding that the thirty day time period during which a plaintiff can appeal an adverse decision to a district court is not jurisdictional and is subject to equitable tolling unless Congress specifically provides otherwise. *Irwin*, 498 U.S. at 96–97.

Following the Supreme Court's decision in *Irwin*, a "circuit split" developed with respect to the question of whether the period of limitation set forth in § 7703(b)(2) is jurisdictional. Section 7703(b)(2) provides that mix case complaints "must be filed within 30 days after the date the individual filing the case received notice of the judicially reviewable action under such section 7702." The Sixth Circuit is the only circuit to have found that § 7703(b)(2) is jurisdictional, and therefore, not subject to equitable tolling. *See Dean v. Veterans Admin. Reg'l Office*, 943 F.2d 667, 670 (6th Cir. 1991), *vacated and remanded on other grounds*, 503 U.S. 902 (1992). In reaching this conclusion, the Sixth Circuit determined that while under § 7703(b)(2) "cases of discrimination subject to the provisions of section 7702 of this title shall be filed under section 717(c) of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-16(c))," which is the same provision at issue in *Irwin*, § 7703(b)(2) "overrides any other provision, including the provisions of § 2000e-16(c). *Id.* The Sixth Circuit noted that § 7703(b)(2) provides a clear relationship between the time requirement and

3

the district court's authority to hear the case. *Id.* (quoting *King v. Dole*, 782 F.2d 274 (D.C. Cir. 1986)). Thus, the Sixth Ciruit determined that § 7703(b)(2) is jurisdictional.

On the other hand, other circuits have determined that Congress did not deprive the district court of jurisdiction of untimely complaints through § 7703(b)(2). For example, after comparing the limitations period set forth in § 7703(b)(2) with the § 2000e-16(c), the First Circuit concluded that there was "no principled reason for failing to extend *Irwin's* rebuttable presumption" to § 7703(b)(2). *Nunnally v. MacCausland*, 996 F.2d 1, 3 (1st Cir. 1993). Likewise, both the Seventh Circuit and the Ninth Circuit have held that the period of limitations in § 7703(b)(2) is not jurisdictional and is subject to equitable tolling. *See Blaney v. United States*, 34 F.3d 509, 512–13 (7th Cir. 1994); *Williams-Scaife v. Dep't of Def. Dependent Sch.*, 925 F.2d 346, 348 (9th Cir. 1991). Moreover, the Tenth Circuit also found that the language of § 7703(b)(2) is not sufficient to show that Congress intended to make equitable tolling unavailable to the plaintiffs. *Montoya v. Chao*, 296 F.3d 952, 957 (10th 2002). Accordingly, the Tenth Circuit held that a mix case complaint filed in a district court after the thirty day time period prescribed by § 7703(b)(2) has expired does not deprive the court of jurisdiction. *Id.*

In light of the Supreme Court's ruling in *Irwin*, and the decisions of the First, Seventh, Ninth, and Tenth Circuits, the Court finds that the thirty day time limit set forth in § 7703(b)(2) is not jurisdictional. Accordingly, the Court finds that jurisdiction exists. However, Plaintiff's complaint was filed untimely. The FAD was issued on January 22, 2007. While it arrived at Plaintiff's last known address on February 9, 2007, Plaintiff did not receive it until March 12, 2007 because she had moved. However, Plaintiff did not file suit in this Court until May 9, 2007, which is more than thirty days after she actually received the FAD. Accordingly, Plaintiff's complaint can only survive

4

if she is entitled to an equitable tolling of the time period. Plaintiff has not asserted that she is entitled to any equitable claims. Plaintiff's delay in filing, at most, amounts to the type of "garden variety claim of excusable neglect" that the Supreme Court, in *Irwin,* found not to merit equitable tolling. *See Irwin*, 498 U.S. at 97. As a result, the Court finds that Plaintiff's claim must be dismissed because it is untimely.

## III.

In the alternative, Defendant argues that Plaintiff's complaint should be dismissed pursuant to FED. R. CIV. P. 12(b)(6) because Plaintiff failed to exhaust her administrative remedies. The Fifth Circuit recognized in *Pacheco v. Mineta*, 448 F.3d 783 (5th Cir. 2006) that "there is a disagreement in this circuit on whether a Title-VII prerequisite, such as exhaustion, is merely a prerequisite to suit, and thus subject to waiver and estoppel, or whether it is a requirement that implicates subject matter jurisdiction." *Pacheco*, 448 F.3d at 788 n. 7. Because courts in this district have held that the failure to exhaust administrative remedies is a condition precedent to maintaining an action in district court, rather than a jurisdictional prerequisite, the Court finds that Plaintiff's failure to exhaust her administrative remedies is properly analyzed under Rule 12(b)(6). *See e.g.*, *Gates v. City of Dallas, Tex.*, 1997 WL 405144, at *1 (N.D. Tex. July 15, 1997) (Fitzwater, J.) (holding that exhaustion of administrative remedies is a condition precedent and not a jurisdictional prerequisite); *Teemac v. Potter*, 2001 WL 1135392 (N.D. Tex. Sep. 20, 2001) (Fish, J.) (finding that the failure to exhaust administrative remedies is a prerequisite to suit and subject to defenses of waiver, estoppel, and equitable tolling).

Rule 12(b)(6) authorizes the dismissal of a complaint for "failure to state a claim upon which relief can be granted." When considering a motion to dismiss, the Court accepts as true all well-

5

pleaded facts and views those facts in a light most favorable to the Plaintiff. *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1964–65 (2007). Factual allegations must be sufficient to raise a right to relief above the speculative level. *Id.* In deciding a motion to dismiss, the Court does not evaluate a plaintiff's likelihood of success; the Court only determines whether a plaintiff has stated a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

Since Plaintiff in this case is proceeding *pro se*, the Court must construe the allegations in the complaint liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam); *Sec. & Exch. Comm'n v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (per curiam). The Court has an obligation to construe a *pro se* plaintiff's brief more permissively and to make more allowances. *AMX, Int'l, Inc.*, 7 F.3d at 75. "[*P*]*ro se* litigant[s] [are] subject to less stringent standards than [those] represented by counsel." *Id.* (citing *Hughes v. Rowe*, 449 U.S. at 9).

A federal employee claiming discrimination is required to exhaust administrative remedies before filing suit in federal court. *Tolbert v. United States*, 916 F.2d 245, 247 (5th Cir. 1990). "A comprehensive statutory and regulatory scheme governs the processing of mixed cases." *McAdams v. Reno*, 64 F.3d 1137, 1141 (8th 1995) (citing 5 U.S.C. § 7702; 29 C.F.R. §§ 1201.151–1201.175). The federal employee can initiate the process by filing either a mixed case complaint with the EEOC or by filing an appeal to the MSPB. *Id.* at 1142. If the federal employee chooses to file a mixed case complaint with the EEOC, thirty days after the EEOC issues its final decision, the employee

can either file a mixed case appeal with the MSPB or bring a civil action in a federal district court. *McAdams*, 64 F.3d at 1142.

When an employee elects to appeal the EEOC's decision to the MSPB, the matter is assigned to an administrative law judge ("ALJ"), who makes findings of fact and conclusions of law. *Lucero v. Conner*, 526 F. Supp.2d 672, 676 (W.D. Tex. 2008) (citing 5 C.F.R. §§ 1201.41(b), 1201.111). If neither party objects to the ALJ's decision, and the MSPB does not seek further review, the ALJ's decision becomes final. *Id.* (citing 5 C.F.R. § 1201.113). If either party objects, that party can request that the Board review the decision. *Id.* If the Board declines to review the ALJ's decision, the ALJ's decision becomes final. *Id.* (citing 5 C.F.R. § 1201.113(b)). If the Board agrees to review the ALJ's decision, the Board's decision is final when it is issued. *See id.* (citing 5 C.F.R. § 1201.113(c)). Once the decision is final, the employee can, within thirty days, either appeal the discrimination claim to the EEOC or appeal the entire claim to the district court. *Id.*

Plaintiff, in this case, filed a mixed case complaint with the EEOC. After receiving an unfavorable decision, Plaintiff chose to file a mixed case appeal with the MSPB. Once an employee decides to appeal the EEOC's decision to the MSPB, the employee is required to exhaust her claims in that forum before filing a civil action. *McAdams*, 64 F.3d at 1142 (citing *Tolbert*, 916 F.2d at 248). Instead of proceeding with her MSPB appeal, Plaintiff voluntarily withdrew her appeal, forcing the administrative law judge to dismiss the case without reaching a final decision on the merits. A plaintiff who voluntarily withdraws her MSPB appeal without reaching the merits has failed to exhaust her administrative remedies. *Id.* at 1141–42 (finding that a plaintiff failed to exhaust his administrative remedies when he abandoned the claim before the MSPB); *Vinieratos v. U.S. Dept. Of Air Force*, 939 F.2d 762, 770 (9th Cir. 1991) (noting that abandoning the

administrative process terminates the proceeding before a final decision is reached, preventing exhaustion and precluding judicial review).

Therefore, once Plaintiff chose to appeal the EEOC's decision to the MSPB, she was bound to abide by its procedures. Having voluntarily withdrawn her appeal, a final decision was never reached. As a result, Plaintiff has no basis to appeal to the District Court. Accordingly, the Court finds that Plaintiff's claims should be dismissed pursuant to FED. R. CIV. P. 12(b)(6) because she failed to exhaust her administrative remedies.

## CONCLUSION

Because Plaintiff's complaint was filed more than thirty days after she received the FAD, and because she failed to exhaust her administrative remedies when she brought her MSPB appeal, the Court recommends to the District Court that Defendant's motion to dismiss Plaintiff's claims be **GRANTED**, and that Plaintiff's Complaint be dismissed with prejudice.

**SO ORDERED.** July 21, 2008.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).